IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS CAMERON, #169 066,<br><br>Plaintiff,<br><br>v.<br><br>AL DEPT. OF CORRECTIONS, *et al*.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 2:16-CV-688-WKW<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, brings this *pro se* 42 U.S.C. § 1983 action claiming Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because they failed to protect him from an inmate assault. Named as Defendants are the Alabama Department of Corrections, the Draper Correctional Facility, inmate Jeffery Shepherd, Warden Edward Ellington, Lieutenant Surles, and Officer Singleton. Upon review, the court concludes that dismissal of Plaintiff's claims against the Alabama Department of Corrections, the Draper Correctional Facility, and inmate Shepherd is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**I. DISCUSSION**

***A. The Alabama Department of Corrections and the Draper Correctional Facility***

Plaintiff names the Alabama Department of Corrections and the Draper Correctional Facility as defendants. The Eleventh Amendment bars suit directly against a state or its agencies,

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

regardless of relief sought. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the Alabama Department of Corrections and the Draper Correctional Facility is "based on an indisputably meritless legal theory," these defendants are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

***B. Inmate Shepherd***

Plaintiff bring this § 1983 complaint against Jeffery Shepherd, an inmate, alleging that on June 28, 2016, Shepherd-his cellmate-raped him and threatened his life. Plaintiff states inmate Shepherd is "over" a gang of Cripps who are now threatening him because he is pressing charges against inmate Shepherd for the assault. Doc. 1.

Jeffery Shepherd, as an inmate in the custody of the Alabama Department of Corrections, is not a state actor. An essential element of a complaint filed pursuant to 42 U.S.C. § 1983 is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "“merely private conduct, no matter how discriminatory or wrongful,’"” *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 50 (footnote omitted). Consequently, "state action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,'

*and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id*. (emphasis in original).

Based on a review of the instant complaint, there is no indication that inmate Shepherd is a state actor nor does the complaint allege that any actions taken by him can in any way be attributed to the State. The court, therefore, concludes that Plaintiff's complaint against Jeffery Shepherd is frivolous and he is, therefore, subject to dismissal as a party under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke*, 490 U.S. at 327.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants the Alabama Department of Corrections, the Draper Correctional Facility, and Jeffery Shepherd be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Defendants Alabama Department of Corrections, the Draper Correctional Facility, and Jeffery Shepherd be DISMISSED as parties to the complaint; and

3. This case regarding the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before October 5, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous,

conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 21st day of September 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE